United States District Court
Southern District of Texas
**ENTERED**
June 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE E. AMSTUTZ, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-01787 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| HARRIS COUNTY, *et al*, | § | |
| Defendants. | § | |

OPINION AND ORDER
ON MOTIONS TO DISMISS

The motions by Defendants to dismiss are granted. Dkts 26 & 27. The claim against Harris County as to age discrimination is dismissed. The claim as to violations of constitutional rights under §1983 against Harris County and Constable Trevino are dismissed.

1. Background

Plaintiff Jose Amstutz and his wife were married in 2013. Dkt 5 at ¶18 (original complaint). They had a tumultuous relationship. Whenever Amstutz would file for divorce, his wife would then file an allegedly false report of domestic violence. Dkt 19 at ¶19 (second amended complaint).

Amstutz began working for the Harris County Constable's Office Precinct 6 in August 2021. Id at ¶7. In May 2022, he discovered text messages that indicated his wife was having affairs with members of the Thin Blue Line Law Enforcement Motorcycle Club. Dkt 5 at ¶39. Amstutz filed for divorce. Dkt 19 at ¶23. He informed his superiors at the Constable's Office and Internal Affairs of the filing and advised that his wife would likely submit a

false police report against him. Id at ¶22. She filed such a report in June 2022, alleging domestic abuse. Id at ¶12.

A detective contacted Amstutz on June 29th about the complaint, and he notified his supervisor. Ibid. That same day, he received a letter from Lieutenant Paul Fernandez (an officer of the Internal Affairs Division) placing him on temporary suspension without pay. Dkt 5 at ¶66.

The next month, Amstutz received a letter from Fernandez signed by Constable Silvia Trevino terminating him under a general discharge. Id at ¶68. But shortly after that, the Harris County District Attorney's office declined to bring charges, concluding that Amstutz's wife "lacked credibility." Id at ¶76.

Amstutz alleges that he has been unable to find a job since then despite diligent search. Dkt 19 at ¶74. He filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission and received a right-to-sue letter. Id at ¶¶28–29.

Amstutz then brought this action in May 2023, suing his estranged wife along with Defendants Harris County, the Thin Blue Line Foundation, Sylvia Trevino, and Lillian Lozano for discrimination and retaliation under Title VII. Dkt 1. He amended his complaint in July 2023, to add claims of age discrimination and deprivation of his constitutional rights. Dkt 5.

In August 2023, Defendants Harris County, Lillian Lozano, and Sylvia Trevino filed motions to dismiss for failure to state a claim on which relief can be granted. Dkts 8, 9 & 10. Amstutz then filed a second amended complaint, which dropped certain aspects and parties from this action. Dkt 19. It was confirmed at hearing that the second amended complaint dismissed all claims against Thin Blue Line, his ex-wife, and Lillian Lozano. Dkt 24 at 2; see Dkt 19. Amstutz's counsel further confirmed that the only claims remaining were for age-discrimination claims (against Harris County) under the Age Discrimination in Employment Act, and for constitutional

2

violations under 42 USC §1983 (against Harris County and Trevino). Dkt 24 at 2.

Harris County and Trevino filed motions to dismiss. Dkts 26 & 27.

2. Legal standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id at 678, quoting *Twombly*, 550 US at 557.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent*

*School District*, 938 F3d 724, 735 (5th Cir 2019), citing *Campbell v Wells Fargo Bank, NA*, 781 F2d 440, 442 (5th Cir 1986). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and attachments thereto. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

    3. Analysis

The claims under the Age Discrimination in Employment Act and for violation of civil rights will each be addressed in turn.

    a. ADEA

Harris County argues that Amstutz failed to exhaust his administrative remedies to assert his claim under the ADEA. Dkt 27 at ¶9. It notes that, although he checked the "age" box on his EEOC charge, he left the factual statement of the charge itself devoid of allegations related to age. Id at ¶10. And it cites authority that it is the factual statement that controls as to the element of the charge. See *Leech v Mississippi College*, 2023 WL 218975, at *3 (SD Miss), citing *Sanchez v Standards Brands, Inc*, 431 F2d 455, 462 (5th Cir 1970). It also argues that, even if deemed exhausted, Amstutz still failed to bring his ADEA claim within 90 days of receiving his notice of dismissal from the EEOC. For while he filed suit within the 90-day deadline, he didn't include an ADEA claim, which was only asserted in his first amended complaint filed after the deadline. See Dkt 27 at ¶11, citing *Barr v Stripes LLC*, 2022 WL 1044695, *5 (5th Circuit).

Amstutz briefly, and not terribly persuasively, responds to the exhaustion argument. See Dkt 29 at ¶53. But he fails entirely to address argument as to the timeliness of his assertion of an ADEA claim. Failure to respond on an argument waives opposition to that argument. *Magee v Life Insurance Company of North*

4

*America,* 261 F Supp 2d 738, 748 (SD Tex 2003); see also *McClelland v Katy Independent School District*, 63 F4th 996, 1010 (5th Cir 2023), *cert denied*, 144 S Ct 348 (2023): "This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings."

The ADEA claim will be dismissed for failure to exhaust administrative remedies and for failure to timely bring action.

### b.   42 USC §1983

An action under §1983 requires a showing that the plaintiff suffered the deprivation of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v McCollan,* 443 US 137, 140 (1979). A necessary and obvious threshold is pleading (and later, proof) that a constitutional right of the plaintiff has been violated. See id at 146–47. The second amended complaint is deficient in this regard.

The second amended complaint contains diffuse and non-specific references to "violations of the Fourteenth Amendment," "deprivation of [his] rights to due process," "[his] constitutional right to be free from arbitrary interpretation," and "his employment, a tangible interest." Dkt 19 at ¶¶8, 11 & 72. The source of claim thus isn't clear but will be treated as one of both substantive and procedural due process. See Dkt 19 at ¶¶8 & 72 (referring without explanation to "both substantive and procedural" violations, and that he was denied "substantive due process . . . without substantive or procedural due process").

### i.   Substantive due process

The Fifth Circuit holds, "To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Moulton v City of Beaumont*,

5

991 F2d 227, 230 (5th Cir 1993). The plaintiff must therefore show that a constitutionally protected liberty or property interest has been violated to establish a substantive due process claim. *Giles v Shaw School District*, 655 Fed Appx 998, 1003 (5th Cir 2016).

Whether a property interest in employment exists must be decided by reference to state law. *Schreiber v City of Garland, Texas*, 2008 WL 1968310, *4 (ND Tex), citing *Henderson v Sotelo*, 761 F2d 1093, 1096 (5th Cir 1985). And under Texas law, generally, "there is no 'property right in continued employment.'" *Udeigwe v Texas Tech University*, 733 Fed Appx 788, 792 (5th Cir 2018), quoting *Spuler v Pickar*, 958 F2d 103, 107 (5th Cir 1992). The Fifth Circuit observes that employment is at-will in Texas unless otherwise specified by law or contract, and that no property interest in continued employment automatically exists in the absence of such arrangements. For example, see *Muncy v City of Dallas, Texas*, 335 F3d 394, 398 (5th Cir 2003); *Conner v Lavaca Hospital District*, 267 F3d 426, 439 (5th Cir 2001); see also *County of Dallas v Wiland*, 216 SW3d 344 (Tex 2007). But, if policies are enacted that allow for dismissal only under circumstances—for "just cause," for instance—then the state "cannot constitutionally deprive such an interest without appropriate procedural safeguards." *Schaper v City of Huntsville*, 813 F2d 709, 714 (5th Cir 1987)

Defendants note that Amstutz "does not identify any independent source of law from which he derives a property interest in his employment." Dkts 26 at ¶10 & 27 at ¶23. This is so. The second amended complaint contains no information about the terms of Amstutz's employment, his contract, or any modifications or promises thereto that would constitute a property interest in his continued employment with Harris County. See Dkt 19. He only states that he has a "tangible interest" in his employment that was "deprived" by Defendants' actions. Id at ¶72. In one of his response briefs, Amstutz attempts a slightly more coherent justification for his property interest in continued employment. He writes, "Defendant Trevino's

6

*shift* from Nickolette's claimed criminal allegations to false and/or unreasonable claims that Plaintiff had violated discreet policies for which he had not been noticed was the essence of a denial of substantive due process." Dkt 28 at ¶91. Utterly lacking, however, is any explanation or citation to authority that a shift in reasoning somehow constitutes deprivation of a protected property interest. This, without other properly pleaded facts, is insufficient to show a constitutionally protected property or liberty interest.

Since Amstutz doesn't show that he has a property interest protected by law, he cannot show that his substantive due process rights have been violated. The motions will be granted in this regard.

### ii. Procedural due process

The analytical framework for procedural due process violations is in large part similar to the analysis for substantive due process. The Fifth Circuit holds, "Procedural due process entitles a public employee *with a property right in his employment* to notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Fowler v Smith*, 68 F3d 124, 127 (5th Cir 1995) (emphasis added), citing *Cleveland Board of Education v Loudermill*, 470 US 532, 546 (1985); *Delahoussaye v New Iberia*, 937 F2d 144, 151 (5th Cir 1991). The necessary prerequisite to a procedural due process claim is thus whether a constitutionally protected liberty or property interest has been violated. *Giles*, 655 Fed Appx at 1003.

As stated above, Amstutz hasn't pleaded any facts regarding the terms of his employment with Harris County. See Dkt 19. His complaint doesn't show that he had a constitutionally protected property or liberty interest in his continued employment. The pleading thus fails to state a claim for procedural due process.

For his part, Amstutz does plead facts attempting to show that the decision to terminate him was perhaps arbitrary. For example, he alleges that "Defendants

7

secretly altered their termination charges against Plaintiff," and that they failed to give him notice about the new charge. Dkt 19 at ¶58; see also Dkts 19 at ¶¶64–65 & 28 at ¶66: "Defendant has never explained the reason for altering the reason for personnel action against Plaintiff, which is arbitrary, or not grounded in reasoned analysis." But these allegations can't cure the primary defect in the complaint. And that is, he nowhere explains the source of property right to which procedural due process would attach.

In sum, Amstutz doesn't allege anything to support the contention that he has a property interest protected by law. Because Amstutz's second amended complaint doesn't show a deprivation of rights secured by federal law, he fails to state a cognizable claim for relief under 42 USC §1983 against both Constable Trevino and Harris County.

   4. Leave to replead

A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit holds that this evinces a bias in favor of granting leave to amend. See *Dussouy v Gulf Coast Investment Corp*, 660 F2d 594, 597 (5th Cir 1981); *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006). But whether to grant such leave is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012), quoting *Wimm v Jack Eckerd Corp*, 3 F3d 137, 139 (5th Cir 1993). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

The operative pleading here is Amstutz's second amended complaint. Dkt 19. And that second amendment followed when faced with prior motions to dismiss. Dkts 8, 9 & 10. This complaint thus marks Amstutz's *third* attempt to state a viable claim. Yet he provided no viable legal citations to support either the timeliness of his ADEA claim or his argument that his employment constituted a

protected property interest—much less pleading relevant facts connected to any remotely persuasive employment-as-property legal argument. See Dkt 28 at ¶8. This history reflects that Amstutz has repeatedly failed to cure his deficient pleadings and that further pleading would be futile.

Leave to further replead will not be allowed.

5. Conclusion

The motions by Defendants to dismiss are GRANTED. Dkts 26 & 27.

The age discrimination claim against Harris County and the claims as to violations of constitutional rights under §1983 against Harris County and Constable Trevino are DISMISSED WITH PREJUDICE.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on June 14, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge